846 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert W. DODD, Petitioner,
v.
U.S. RAILROAD RETIREMENT BOARD, Respondent.
 No. 87-2583.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1988.
Decided April 19, 1988.
 
 Albert W. Dodd, appellant pro se.
 Marguerite Palmaccio Dadabo, John C. Ficerai, C.C. Seldon, Steven Alan Bartholow, U.S. Railroad Retirement Board, Dale Gene Zimmerman, General Counsel, Edward Stanley Hintzke, Assistant General Counsel, for respondent.
 Before MURNAGHAN, SPROUSE, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Before us is the Railroad Retirement Board's ("RRB's") petition that we reconsider this Court's previous decision in this case. We grant the petition, vacate the prior decision dismissing Albert W. Dodd's petition for review, and affirm the RRB's decision for the reasons stated below.
 
 
 2
 Dodd seeks review of the RRB's decision that an appeals referee had correctly determined that Dodd's challenge to the amount of his railroad retirement annuity was not timely raised. The appeals referee found that Dodd's attempt to "appeal" two letters from the RRB's Washington, D.C., Liaison Officer was not an appeal from any office of the RRB empowered to issue decisions on railroad retirement annuities. These letters were, rather, letters of explanation sent to Dodd and Senator John W. Warner when they inquired whether Dodd's annuity benefits were properly recomputed under the transitional provisions of the Railroad Retirement Act of 1974. 45 U.S.C. Sec. 231 et seq. The appeals referee found, and the RRB agreed, that Dodd's right to review the 1 January 1975 conversion of Dodd's annuity had expired well before the filing of his RRB appeal.
 
 
 3
 This Court, upon review of a " 'decision by the [RRB] on a claim for benefits under the Railroad Retirement Act, ... determine[s] whether the findings of the [RRB] are based upon substantial evidence in the record and its conclusions consonant with law.' " Murray v. Railroad Retirement Board, 289 F.2d 386, 388 (4th Cir.1961) (citation omitted). See Coker v. Gielow, 806 F.2d 689, 693 (6th Cir.1986), cert. denied, 107 S.Ct. 2483 (1987); Estes v. Railroad Retirement Board, 776 F.2d 1436 (9th Cir.1985). Upon review of the record and the parties' submissions on appeal, we find the RRB's decision is based upon substantial evidence and consistent with the law. We therefore affirm the RRB's decision.
 
 
 4
 We dispense with oral argument because the facts and legal arguments are adequately presented in the record and the parties' appellate submissions and oral argument would not assist the decisional process.
 
 
 5
 AFFIRMED.